IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRIS BARNARD, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 22-1382-RGA |
| | : | |
| MARCHEX, INC., | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

I consider the numerous objections to the Magistrate Judge's Report and Recommendation. I consider all the objections *de novo*.[1] I now briefly explain how I dispose of them. I assume familiarity with the Report and Recommendation. (D.I. 33).

I OVERRULE Defendant's objection (D.I. 35 at 2-4) to the denial of the motion to compel arbitration. I agree with the Magistrate Judge that the analysis in *Sapp v. Indus. Action Servs., LLC*, 75 F.4th 205 (3d Cir. 2023), compels the conclusion that the Share Purchase Agreement ("SPA") has an expert determination clause and not an agreement to arbitrate. I do not think Plaintiffs have forfeited this argument. Defendant cited the district court opinion in *Sapp* in its opening brief (D.I. 24 at 10 n.7). Defendant did not note that an appeal was then pending. Plaintiffs filed their answering brief on July 5, 2023; the Court of Appeals reversed the district court decision two weeks after that. Eventually, Plaintiffs brought the appellate decision

---

[1] A motion to compel arbitration is not a dispositive motion. *V.I. Water & Power Auth. v. GE Int'l*, 561 F. App'x 131, 134 (3d Cir. 2014); *see GNH Grp., Inc. v. Guggenheim Holdings, L.L.C.*, 2020 WL 4287358, at 2* n.1 (D. Del. July 27, 2020). Nevertheless, the validity and enforceability of an arbitration agreement is reviewed *de novo*. *Sapp v. Indus. Action Servs., LLC*, 75 F.4th 205, 210 (3d Cir. 2023).

to the Magistrate Judge's attention. (D.I. 32). Defendant did not object or file any other response to Plaintiffs' notice. I think Defendant forfeited any objection to the Magistrate Judge's consideration of the appellate case.

Defendant requests that I direct the parties to participate in an expert determination. Plaintiffs say Defendant has waived that request. I do not think the pending submissions sufficiently address that request such that I should consider it on the present record.

I OVERRULE Defendant's objection in connection with Count I. (D.I. 35 at 5-6). Defendant states that the complaint does not plausibly allege an "acceleration event." The complaint plausibly alleges that there were less than 35 employees. (D.I. 20 at ¶¶ 135, 141-145). If employees resign and are not replaced, then Marchex "reduce[d]" the number of employees to however many there were. Marchex does not have to have fired them. The complaint alleges Osmak worked at Telmetrics until March 2020. The SPA was signed November 5, 2018, so Osmak had certainly not "resigned without Good Reason or been terminated for Cause" during the first Earnout Period. Thus, there is no basis to dismiss Count I.

I OVERRULE Defendant's objection in connection with Count II. (D.I. 35 at 6-8). I agree with the Magistrate Judge that the complaint adequately alleges non-conclusory facts to support the claim that Marchex operated "in bad faith with the principal purpose of" avoiding Earnout payments or "having a material direct negative effect on [Telmetrics'] revenue or OIBA for purposes of achieving the Financial Goals." Of course, Defendant will have a chance to tell its story, and it may turn out that Defendant has a good story. At this point in the case, though, the only story that matters is Plaintiffs'. Thus, there is no basis to dismiss Count II.

I OVERRULE Defendant's objection in connection with Count III. (D.I. 35 at 8-9). While I would be inclined to agree with Defendant that the September 10, 2019, requests for

information was premature and certainly not reasonable to the extent it was requesting medical information, Plaintiffs allege that the requests were also made during relevant times (e.g., January 20, 2020, the day after the first Earnout Statement was released (D.I. 20 at ¶¶ 64-65)). That some of the information sought was considered to be unreasonable would not be a basis for refusing to provide any of the requested information. There is no basis to dismiss Count III.

I OVERRULE Defendant's objection in connection with Count IV. (D.I. 35 at 9-10). Defendant states that it is in part duplicative of Count III. If that is so, there will not be a double recovery, but that does not mean I need to dismiss one or the other count now. Plaintiffs say that Defendant breached the SPA by not appointing the "Final Accounting Firm." (D.I. 20 at ¶¶ 227-230). Plaintiffs allege that there was an impasse, the SPA provides that Defendant would then "retain the Final Accounting Firm," and Defendant did not do so.[2] That sounds like a breach. I will not dismiss Count IV.

I OVERRULE Defendant's objection in connection with Count V. (D.I. 35 at 4-5). I think the gist of the dispute here is that Defendant says Plaintiffs did not file a timely objection to the "Claim Notice," thereby forfeiting any objection to it. Escrow Agreement § 3.3 (D.I. 25-1 Exh. C. at 103 of 129). Plaintiffs say that what Defendant sent on November 1, 2019, was not a claim notice as described in § 3.2 of the Escrow Agreement, so that Plaintiffs did not have any obligation to object to it. As far as I can tell, the November 1, 2019, correspondence is not in the record, so I cannot tell what it said. Plaintiffs do allege that "Annex 1" (which is in the record) to the November 1 correspondence was insufficient. (D.I. 20 at ¶ 248). As I see it, the complaint

---

[2] Had Defendant retained the Final Accounting Firm, the Accounting Firm would likely have resolved the Earnout Consideration issues by the Spring of 2021.

plausibly alleges the insufficiency of the November 1, 2019, correspondence.[3] Thus, I will not dismiss Count V.

I GRANT Plaintiffs' one objection, which concerns Count VI. (D.I. 34). Count VI seeks damages for breach of a forum selection clause. The Magistrate Judge recommended dismissing the claim, relying upon a prior case of mine where I said, in total:

> HMR claims that Weston breached the forum selection clause in the Purchase Agreement "by filing suit ... in Michigan and not Delaware." (D.I. 22 at ¶ 148). Under Delaware law, the remedy for breach of a valid forum selection clause is specific performance. In *Carlyle*, the court explained that "monetary damages would not be adequate to compensate the injured party for breach of the forum selection clause" and "any remedy other than specific performance would 'deprive Plaintiffs of the benefit of their bargain.'" *Carlyle Inv. Mgmt. L.L.C. v. Nat'l Indus. Grp. (Holding)*, 2012 WL 4847089, at *12 (Del. Ch. Oct. 11, 2012) (quoting *ASDC Holdings, LLC v. Richard J. Malouf 2008 All Smiles Grantor Retained Annuity Trust*, 2011 WL 4552508, at *6 (Del. Ch. Sept. 14, 2011)). Plaintiffs admit that they obtained specific performance when the Michigan Court dismissed the Michigan Action for lack of jurisdiction due to the Purchase Agreement's forum selection clause. (D.I. 41 at 5). The court is aware of no case where plaintiffs were allowed to recoup damages in addition to their remedy of specific performance. Accordingly, the court doubts that Plaintiffs have stated a claim in Count 1 based on the forum selection clause but, because the parties have not briefed the issue, the court will not grant Weston's motion to dismiss this claim.

*Hydrogen Master Rts., Ltd. v. Weston*, 228 F. Supp. 3d 320, 332 (D. Del. 2017). I was less than certain in my "doubts" since it was not a conclusion made after the usual adversarial process. I have since been pointed to Delaware cases that appear to recognize the possibility of damages for breach of a forum selection clause. *See El Paso Natural Gas Co. v. TransAmerican Natural Gas Corp.*, 669 A.2d 36, 40 (Del. 1995); *Cornerstone Brands, Inc. v. O'Steen*, 2006 WL 2788414, at *4 (Del. Ch. Sept. 20, 2006). Thus, I will decline the recommendation that I dismiss Count VI.

---

[3] This seems like a close call. It appears that the Escrow Agent, which was a party to the Escrow Agreement, thought the claim notice was sufficient. And, by late December 2019, Mr. Barnard was objecting to it, suggesting that he recognized what it was too. I think this is an issue better decided when there is a complete record. All I am deciding now is that Count V is plausible.

Thus, I ADOPT the Report and Recommendation except as to Count VI. (D.I. 33). The motion to compel arbitration and to dismiss the Second Amended Complaint (D.I. 23) is GRANTED in part and DENIED in part. I DISMISS Count VII without prejudice.

IT IS SO ORDERED this 17th day of July 2024.

*/s/ Richard G. Andrews*
United States District Judge